PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $16,500.00 IN U.S. CURRENCY,

Defendant.

2:16-MC-00163-KJM-KJN

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about April 6, 2016, law enforcement agents with the U.S. Postal Inspection Service ("USPIS") seized Approximately $16,500.00 in U.S. Currency (hereafter the "defendant currency").

2. The USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 8, 2016, the USPIS received a claim from Michael Henderson ("Henderson") asserting an ownership interest in the defendant currency.

3. For the purposes of this settlement only, claimants do not contest the United States' representation that it could show at a forfeiture trial that on April 6, 2016, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore

markers consistent with parcels used for shipping contraband. The package was addressed to Daniel Lisath ("Lisath"), 5013 Harebell Ct, Sacramento, California, 95842, with the following return address: Michael Henderson Jr., 2401 McCutcheon, Columbus, OH, 43219.

4. For the purposes of this settlement only, claimants do not contest the United States' representation that it could show at trial that on April 6, 2016, law enforcement agents obtained a telephone number for recipient Lisath. Law enforcement agents called the telephone number and left a message with a female who told inspectors she would relay the message to Lisath regarding the parcel. On April 7, 2016, law enforcement agents spoke with Lisath, who confirmed that he was expecting the parcel. Lisath confirmed that parcel was sent to him by Henderson and advised it contained some money and paperwork for a car he was selling to Henderson. Lisath claimed the money was the remaining balance on a deposit for the purchase of his Audi. Lisath consented to opening of the parcel. After opening the parcel and verifying the contents, law enforcement agents called Lisath who claimed the Audi which he was selling to Henderson was a 2008 model with 78,000 miles. Further, he claimed the value of the vehicle was $22,000.00 and that Henderson previously sent him approximately $4,000.00 or $5,000.00. Lisath denied the contents of the parcel was illegal narcotics proceeds and claimed he was in no way involved with narcotics trafficking. Lisath claimed that Henderson was his first cousin and that he and Henderson had agreed to the sale of the Audi during telephone conversations. Lisath claimed that Mr. Henderson was "old school" and deals with cash as opposed to personal or cashiers' checks. Lisath provided a telephone number for Henderson.

5. For the purposes of this settlement only, claimants do not contest the United States' representation that it could further show at trial that on April 7, 2016, after ending the call with Lisath, law enforcement officials spoke with Henderson, who stated he had just returned from the Post Office because he was checking on the parcel he sent to Lisath. Henderson confirmed that he packed cash inside of a LEGO box and the money was to purchase Lisath's 2011 or 2012 Audi A4 for $17,000.00 or $18,000.00. Henderson claimed Lisath was planning on having the vehicle shipped to Ohio once he received the money in the parcel. Henderson claimed the money he sent to Lisath was a combination of his tip money and his wages. When advised that the parcel was alerted on by a narcotics detection canine, Mr. Henderson claimed he was not involved in narcotics. He later admitted that he smoked

2

marijuana recreationally and did so in close proximity to where he stored the money he mailed to Lisath.

6. For the purposes of this settlement only, claimants do not contest the United States' representation that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

7. For the purposes of this settlement only, claimants do not contest the United States' representation that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, claimant Henderson specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Michael Henderson hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $9,500.00 of the Approximately $16,500.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of

3

according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,000.00 of the Approximately $16,500.00 in U.S. Currency shall be returned to potential claimant Michael Henderson through his attorney Jacek W. Lentz. The funds are to be transferred to the client trust account of The Lentz Law Firm, P.C. or account designated by claimant's attorney Jacek W. Lentz.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Jackson and Pool waive the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: November 29, 2017.

_____
UNITED STATES DISTRICT JUDGE